Chief Justice Boyle
delivered the Opinion of the Court.
This is an appeal prosecuted by the defendant from a decree in Chancery, enjoining proceedings upon a judgment in ejectment, for a lot in the town of Louiville, and compelling him to release his title to the complainant.
The objections taken to the decree by the assignment of error, are 1st. That the proper parties were not before the court. 2nd. That the deposi *181 tions taken by the complainant were improperly admitted by the circuit court, to be read in evidence. 3rd. That on the merits, the complainant was not entitled to relief.
One who undertakes to recover land for a part of it, is not a necessary party to a bill by the adversary, enjoin a judgment in ejectment, thus obtained against him.
If defendant deny an allegation of an interest of a third person in the property, and it is not proved, he cannot afterwards, assign for error, that that person was not made a party.
Certainty to a common intent only, required in notices to take depositions.
The sole ground for the first of these objections is, that a person who the complainant alleges had agreed with the defendant to recover the lot for a part of it, was not made a party to the suit. This ground is, we think, clearly untenable. It is undoubtedly true as a general rule, that every person interested in the subject matter of a suit ought to be made a party to it, that his title may be decided, and future litigation be thereby prevented; but the reason of the rule is inapplicable to a case of this kind, and the rule itself ought not, therefore, to be applied to it.
A contingent interest depending upon the event of the suit, cannot be such an one as to make the person having it a necessary party, for if the suit be determined against the claim in which he has the interest, his title is at an end, and in any event, his title does not exist in a shape necessary to be decided on until the suit is determined.
But a conclusive answer to the necessity of making the person in question a party is, that although he is alleged in the bill to have such interest, the fact is not admitted by the defendant, and there is, in the answer, a general traverse of every fact not admitted; and as there is no proof of the interest, it cannot be alleged now to exist. The objection, therefore, for want of the proper parties, cannot be sustained.
The objection to reading the depositions is founded upon the insufficiency of the notice for want of certainty, as to the place of taking them. The depositions were taken in the absence of the defendant, at the left wing of the court house of Jefferson county, in the town of Louisville, and the notice was given that they would be taken “at the left wing of the court house,” without designating what court house or where it was situated. The notice was not as explicit as it might have been, with reference *182 to the place of taking the depositions, but absolute certainty to every intent, is not necessary. A notice which is certain to a common intent is sufficient, and of that degree of certainty, the notice in this case must, at least, be deemed to possess.
In a suit in the Circuit Court for a lot, at the County town and where the parties all reside in the County, a notice to take depositions at “the court house,” is sufficiently certain.
The subject matter of controversy was in Louisville. The suit was depending in the Jefferson circuit court, and the parties resided in that county.—Under these circumstances, we can hardly suppose that the defendant could have had a doubt, when he received the notice to take depositions at the court house, that they were intended to be taken at the court house of Jefferson county. The inhabitants of a town where a court house is situated, never think of using any other expression than “the court house,” when they have allusion to their own court, house in exclusion of any other, and the same expression with the same allusion is generally used by the inhabitants of the country. But where it is used by them in relation to a suit they have there depending. and the subject of litigation is in the vicinity of the court house, the allusion to the court house of their county, in exclusion of all others becomes still more certain. We cannot, therefore, doubt that the notice was good, and that the depositions were properly admitted to be read.
The merits of the case turns exclusively upon matters of fact, and we are decidedly of opinion, the evidence is sufficient to justify the decree of the circuit court.
The decree must, therefore, be affirmed with cost.
The appellant moved the court for a rehearing of the merits of the cause, and shewed his grounds in the following